COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-470-CR

 

 

STACI FULLER                                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

Appellant Staci Fuller
appeals from her conviction and 180-day probated sentence for theft between
$1,500 and $20,000.  In three issues,
appellant contends that trial counsel was ineffective and that the evidence was
legally and factually insufficient to support the verdict.  We affirm.

 








II.  Background Facts

On February 5, 2001,
appellant applied for Section 8 assistance with the Denton Housing Authority
(DHA).  On October 31, 2002, appellant
attended a briefing where she was told, orally and in writing, that she must
inform DHA within ten days of a household income change.

Appellant=s DHA assistance began on December 1, 2002.  The DHA paid appellant=s $659-per-month rent payment and sent her a monthly utility
reimbursement of $49.  In 2004, a HUD
investigator discovered that appellant had maintained employment at the Denton
State School from January 1, 2003 through May 16, 2003 and then worked for
Alpha Academy from July 28, 2003 to March 2004. 
Appellant allegedly did not report this income change.  Consequently, the State determined that
appellant defrauded HUD in the amount of $1,890.  

III.  Appellant=s Ineffective Assistance Of Counsel Claim

In her first issue, appellant
complains that her trial counsel was ineffective during the guilt-innocence
trial.  Although appellant=s brief lists eleven instances in which her counsel was allegedly
ineffective, for ease of discussion, we have combined them into two categories:
(1) trial counsel=s procedural
strategy; and  (2) trial counsel=s trial strategy.

 








                                    A.  Standard Of Review

To establish an ineffective
assistance of counsel claim, appellant must show by a preponderance of the
evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62-63
(Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).








In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel=s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688-89,
104 S. Ct. at 2065.  Review of counsel=s representation is highly deferential, and the reviewing court
indulges a strong presumption that trial counsel=s conduct fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  A reviewing court will
rarely be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813-14.  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@  Id. 
(quoting Thompson, 9 S.W.3d at 813).

Under the second prong of Strickland,
an appellant must show that counsel=s errors were so serious that they deprived him of a fair trial.  Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064.  In other words, appellant
must show there is a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding whose result is being challenged.  Id. at 697, 104 S. Ct. at 2070.

B.  Analysis

                          1.  Trial Counsel=s Procedural Strategy








Three of appellant=s claims regarding ineffective assistance of counsel focus on her
trial counsel=s procedural
strategy.  We apply a strong presumption
that trial counsel was competent.  See
Thompson, 9 S.W.3d at 813.  On
appeal, we presume that trial counsel=s actions and decisions were reasonably professional and motivated by
sound trial strategy.  See Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Matthews v. State,
152 S.W.3d 723, 732 (Tex. App._Tyler 2004, no pet.).  Appellant
has the burden of rebutting this presumption by presenting evidence
illustrating why her trial counsel did what he did.  Matthews, 152 S.W.3d at 732. 

Appellant asserts in her first
ineffective counsel claim that counsel was ineffective by failing to file any
pretrial motions or request a pretrial hearing. 
In her tenth claim under this issue, appellant asserts that trial
counsel erred by failing to move for a directed verdict.  In her eleventh claim under this issue,
appellant asserts that trial counsel failed to file a motion to dismiss because
of jurisdiction problems associated with the monetary amount alleged in the
theft. 

Appellant simply makes these
broad assertions.  She did not argue in
her brief what pre-trial motions counsel should have filed, how trial counsel=s failure to file these pre-trial motions was error, or why a
pre-trial hearing was necessary. 
Further, appellant did not show how trial counsel erred by failing to
move for a directed verdict and file a motion to dismiss.  Because appellant failed to show how counsel=s actions were not reasonable in these three circumstances, she cannot
satisfy the first prong of the Strickland test.  See Strickland, 466 U.S. at 688-89,
104 S. Ct. at 2065. 








Further, appellant=s three assertions do not meet the second prong of Strickland.  Specifically, appellant failed to show
how counsel=s failure to
ask for a directed verdict, file motions, and seek a pre-trial hearing were
errors so serious as to deprive her of a fair trial.  Id. at 687, 104 S. Ct. at 2064. 

2.  Trial Counsel=s Trial Strategy

Appellant=s other eight arguments supporting her ineffective counsel claim
center on her trial counsel=s alleged failure to properly research and challenge the State=s calculations of the amount appellant defrauded DHA.  To support these arguments, appellant asserts
that the State relied Aon a mere
$390 to obtain a felony conviction, and the DHA had a history of making
incorrect benefits calculations.@[2]  Appellant further states that Ait is incomprehensible how not researching, understanding and cross
examining the [S]tate=s witness
about the method of calculating benefits could be trial strategy.@  To conclude her analysis on
these eight arguments, appellant simply states that Aon the face of the record, it appears that the calculations are, in
fact, incorrect.@     








Appellant does not assert in
her brief why the State=s $1,890
figure is incorrect.[3]  Because appellant provided no argument as to
how the $1,890 was wrong, we have no way to determine if appellant=s trial counsel was ineffective by allegedly failing to research and
question the State on its $1,890 calculation. 
Because appellant failed to show how counsel=s actions were not reasonable in these circumstances, she cannot
satisfy the first prong of the Strickland test.  See Strickland, 466 U.S. at 688-89,
104 S. Ct. at 2065.   Accordingly, we
overrule appellant=s first
issue.   

IV.  Appellant=s Factual and Legal Insufficiency Claims








In her second and third
issues, appellant asserts that the evidence was factually and legally
insufficient to support the verdict. 
Appellant first discusses the standards of review for legal and factual
sufficiency challenges.  Without citing
to specific evidence in the record, appellant concludes that the evidence was
legally and factually insufficient. 
Appellant does not explain how the evidence was insufficient or even
specify which element or elements of the charged offense were not proven.  If a party provides no argument or legal
authority to support its position, the appellate court may properly overrule
the issue or point as inadequately briefed. 
See Tex. R. App. P.
38.1(h); Tong v. State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert.
denied, 532 U.S. 1053 (2001); Jackson v. State, 50 S.W.3d 579, 591
n.1 (Tex. App.CFort Worth
2001, pet. ref=d).  And if appellant=s challenge is to the proof of the minimum felony amount, the evidence
supports a finding of at least $1,500 in overpayments.  Because appellant=s second and third issues are inadequately briefed, we will not review
their merits and, accordingly, overrule them. 


V.  Conclusion

Having overruled appellants
three issues, we affirm the trial court=s judgment.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL A:   CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
January 25, 2007











[1]See Tex. R. App. P. 47.4.





[2]The
State charged appellant with felony theft of $1,890.  If appellant had been charged with theft of
less than $1,500, the offense would have been a misdemeanor.  See Tex.
Penal Code Ann. '
31.03(e) (Vernon Supp. 2006).





[3]In
her brief, appellant questions why a $50 minimum rent requirement was used to
calculate the $1,890 figure as opposed to a $25 minimum rent requirement.  However, appellant does not go on to discuss
why a different minimum rent requirement would have lowered the $1,890 to below
$1,500.